UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br> v.<br><br>CHINA NORTHEAST PETROLEUM HOLDINGS LIMITED; WANG HONGJUN, (a/k/a Hongjun Wang); JU GUIZHI (a/k/a Guizhi Ju); and JIANG CHAO (a/k/a/ Chao Jiang)<br><br>       Defendants,<br><br>JIANG MINGFU (a/k/a Mingfu Jiang); and SUN JISHUANG (a/k/a Jishuang Sun),<br><br>       Relief Defendants. | No. 12-CV-8696 (NRB)<br>ECF Case |

**JOINT RULE 26(f) DISCOVERY PLAN**

Pursuant to an initial Rule 26(f) conference, held by telephone conference on April 23, 2013, and additional subsequent telephone conferences and email communications, the parties hereby submit their Rule 26(f)(3) joint discovery plan.

**1. Subpart (A), what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were or will be made:**

The parties have agreed to exchange initial disclosures under Rule 26(a) on May 31, 2013. The SEC has agreed to produce with its initial disclosures non-privileged documents received during its investigation of the claims asserted in the complaint.

**2. Subpart (B), the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

At the April 23, 2013 Rule 26(f) conference, the parties discussed the scope, timing, timing of responses to, and other issues concerning documentary discovery.  In light of the Defendants' pending motions to dismiss, the parties have agreed to proceed under Part II.A of the Pilot Project Regarding Case Management Techniques for Complex Civil Cases (the "Pilot Project"), which provides:

> Unless the Court orders otherwise, following service of a motion to dismiss pursuant to Rule 12(b)(6) or 12(c) (if made immediately after the filing of an answer) of the Federal Rules of Civil Procedure, discovery of documents, electronically stored information and tangible things may proceed pursuant to Rule 34 but all other discovery with respect to any claim that is the subject of the motion is stayed pending the Court's decision on the motion.

The parties agreed to reassess the scope and timing of discovery, and whether discovery should be conducted in phases or be limited to or focused on particular issues after the Court decides the pending motions to dismiss.

**3.  Subpart (C), any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

When permitted, electronic discovery, including discovery of emails, will be based on Plaintiff's Rule 34 discovery requests.  Plaintiff has provided the SEC's Data Delivery Standards to Defendants' counsel, which standards will govern the form of production of electronically stored information subject to any modifications that may be agreed upon by the parties.  The parties agreed to address any issues with respect to the production of electronically stored information as they arise.

**4. Subpart (D), any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order:**

Subject to the provisions of Local Rule 26.2, the parties have agreed to abide by Parts II.D and E of the Pilot Project with respect to documents withheld from production on privilege and/or work-product grounds.

**5. Subpart (E), what changes should be made in the limitations on discovery imposed these or the local rules, and what other limitations should be imposed:**

The parties will re-confer concerning appropriate limitations on the number of depositions and interrogatories after the Court rules on Defendants' pending motions to dismiss.

**6. Subpart (F), any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):**

The parties have discussed the potential need for a confidentiality order governing certain discovery materials in this case. Plaintiff's counsel will circulate a draft proposed confidentiality order to Defendants' counsel the week of May 20, 2013, with the goal of agreeing upon a proposed confidentiality order and submitting the same to the Court for approval prior to the exchange of initial disclosures on May 31, 2013. Additional orders, such as orders on confidentiality, privilege logs, and electronic discovery, may be requested by the parties.

Dated: May 21, 2013

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | SCHIFF HARDIN LLP |
| /s/ Alfred A. Day | /s/ Geoffrey H. Coll |
| Alfred A. Day | Geoffrey H. Coll |
| Assistant Chief Litigation Counsel | 666 Fifth Avenue, 17th Floor |
| United States Securities and Exchange Commission | New York, NY 10103 |
| 100 F Street, N.E. | Tel: (212) 753-5000 |
| Washington, DC 20549-4030 | |
| Tel: (202) 551-4702 | Ralph V. De Martino* |
| | Leslie A. Maria* |
| Attorneys for Plaintiff | 901 K Street, NW, Suite 700 |
| | Washington, DC 20001 |
| | Tel: (202) 778-6400 |
| | * admitted pro hac vice |
| | |
| | Attorneys for Defendant Wang Hongjun and Relief Defendant Sun Jishuang |

| | |
|---|---|
| COFFINO LAW GROUP LLP<br><br>*/s/ Michael Coffino*<br>Michael J. Coffino (admitted<br>  *pro hac vice*)<br>Jaime J. Santos (JS3361)<br>201 Spear Street, Suite 1100<br>San Francisco, CA 94105<br>Tel: 415-426-3530<br>Fax: 415-426-3531<br><br>Attorneys for Defendant China North East Petroleum Holdings, Limited | GIBSON, DUNN & CRUTCHER LLP<br><br>_____<br>Thad A. Davis (SBN 3009628)<br>Michael Li-Ming Wong (admitted<br>  *pro hac vice*)<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>Barry Goldsmith (SBN 4857694)<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.2440<br>Facsimile: 212.351.5340<br><br>Attorneys for Defendant Chao Jiang |

- 4 -

| | |
|---|---|
| COFFINO LAW GROUP, LLP | GIBSON, DUNN & CRUTCHER LLP |
| _____ | *Thad A. Davis* /SH |
| Michael J. Coffino (admitted *pro hac vice*) | Thad A. Davis (SBN 3009628) |
| Jaime J. Santos (JS3361) | Michael Li-Ming Wong (admitted *pro hac vice*) |
| 201 Spear Street, Suite 1100 | 555 Mission Street, Suite 3000 |
| San Francisco, CA 94105 | San Francisco, CA 94105-0921 |
| Tel: 415-426-3530 | Telephone: 415.393.8200 |
| Fax: 415-426-3531 | Facsimile: 415.393.8306 |
| Attorneys for Defendant China North East Petroleum Holdings, Limited | Barry Goldsmith (SBN 4857694) |
| | 200 Park Avenue |
| | New York, NY 10166-0193 |
| | Telephone: 212.351.2440 |
| | Facsimile: 212.351.5340 |
| | Attorneys for Defendant Chao Jiang |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2013, the foregoing document was filed through the Court's ECF system, and counsel has relied upon that system's service upon counsel of record.

_____