

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 First Street, N.E.
Washington, D.C. 20549

| | |
|---|---|
| **DIVISION OF** | **Alfred A. Day** |
| **ENFORCEMENT** | Assistant Chief Litigation Counsel |
| | Direct dial: 202-551-4702 |
| | Email: daya@sec.gov |

September 25, 2013

VIA ECF AND FACSIMILE

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

    Re:    **SEC v. China Northeast Petroleum Holdings Ltd., et al.**
            **Civil Action No. 1:12-cv-08696-NRB**

Dear Judge Buchwald,

We represent the United States Securities and Exchange Commission (the "SEC") in the above-captioned matter.  We are writing, pursuant to Local Rule 37.2, to request a conference with the Court relative to a discovery dispute as to which the parties have reached an impasse.

**Background**

This case was commenced on November 29, 2012.  The Commission's complaint alleges fraud and related violations of the U.S. securities laws arising from, among other things, (i) false and misleading statements and omissions in connection with raising approximately $31.9 million in two public offerings in the United States, (ii) undisclosed material, related-party transactions totaling approximately $59 million, and (iii) the diversion of offering proceeds to corporate insiders and their family members in a manner that was neither disclosed to investors nor consistent with representations to investors concerning the intended and permissible uses of the offering proceeds.

All Defendants, other than Defendant Ju Guizhi ("Ju"),[1] have been served and have appeared through counsel. Defendants moved to dismiss the SEC's complaint, which motions are fully

---

[1] Defendant Ju lives in China.  The SEC has attempted service through a variety of means reasonably calculated to apprise Defendant Ju of this action, including through the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters.  On information and belief, Defendant Ju has actual knowledge of this case, and the SEC therefore anticipates moving the Court for an order confirming the adequacy of alternative service on Defendant Ju.

1

briefed and under submission to the Court.  In light of the Defendants' motions to dismiss, the parties agreed to proceed under Part II.A of the Pilot Project Regarding Case Management Techniques for Complex Civil Cases (the "Pilot Project"), which provides that document discovery pursuant to Rule 34 may proceed, but that all other discovery shall be stayed, pending a ruling on motions to dismiss.  *See* Dkt. No. 38 (Rule 26(f) Report filed May 21, 2013), ¶ 2.  The parties also agreed to seek entry of a confidentiality order governing discovery materials to facilitate the exchange of documents, including documents to be produced by the SEC in connection with its Rule 26 initial disclosures.[2]  *Id.* at ¶ 6.

On May 28, 2013, the United States Department of Justice ("DOJ") publicly announced criminal charges against Defendants Wang Hongjun (a/k/a Hongjun Wang) ("Wang") and Jiang Chao (a/k/a Chao Jiang) ("Jiang") arising out of certain of the conduct at issue in this case. *See* Dkt. No. 42 (Notice of Related Criminal Indictment, attaching criminal indictment in *United States v. Wang Hongjun*, et al., D.D.C. Case No. 1:13-cr-152) (the "Criminal Proceeding").  On information and belief, Defendant Jiang had been arrested on or about March 1, 2013 and was subsequently arraigned.  Defendant Wang, on the other hand, is believed to be in China and has not appeared in the Criminal Proceeding.

**The Parties' Dispute**

The SEC served Rule 34 document requests on (i) Defendant China North East Petroleum Holdings Limited ("CNEP") on July 26, 2013 (response due August 28, 2013) and (ii) Defendants Wang and Jiang, as well as Relief Defendant Sun Jishuang ("Sun"), on August 9, 2013 (responses due September 11, 2013[3]).  Each has refused to produce ***any*** documents in response, principally on the ground that Defendant Jiang may move to stay this case pending resolution of the Criminal Proceeding.  The parties have conferred by telephone repeatedly, both regarding Defendants' unexcused failure to timely produce documents and Defendant Jiang's proposed motion to stay, but have been unable to resolve their dispute.

Defendants should be compelled to produce responsive documents.

*First*, none of the Defendants have moved for a stay of document discovery, much less has the Court granted any such stay.  To the contrary, the parties expressly agreed in their Rule 26(f) Report to proceed with document discovery pending a ruling on Defendants' motions to dismiss.  Defendants should be required to abide by their agreement to engage in document discovery.

---

[2] Per the parties' agreement, the SEC circulated a draft confidentiality order the week on May 21, 2013 so that the parties could agree on form and submit it for the Court's approval before the agreed May 31, 2013 target date for the parties' initial disclosures.  No Defendant responded in writing to the proposed confidentiality order until August 1, 2013 and, despite the SEC and Defendant Jiang's subsequent agreement as to the form of the confidentiality order, the remaining defendants have, at this late date, objected on various grounds to the simple, straightforward, and short confidentiality order proposed by the SEC.  The SEC remains ready and able to produce the documents described in its initial disclosures, but has been prevented from doing so as a result of ongoing objections to the form pressed by Defendants CNEP and Wang.

[3] By agreement of the parties, the deadline for Defendant Wang and Relief Defendant Sun to respond to the SEC's document requests was extended to September 13, 2013.

2

*Second*, no stay of document discovery is warranted.  The SEC understands that Defendant Jiang may move for a broader stay than the one that is already in place under the parties' Rule 26(f) Report on the ground that engaging in discovery could impair his Fifth Amendment privilege against self-incrimination. The Fifth Amendment, however, generally applies when the accused is compelled to give incriminating ***testimony***.[4] The privilege is not ordinarily implicated by document discovery, and Defendant Jiang has not identified any document requests by the SEC that he believes implicate his Fifth Amendment privilege.[5]

In any event, a stay is not required.  Rather, the Court must balance the hypothetical prejudice to the defendant against the burdens a stay would impose upon the SEC, the Court, and the public interest.  Defendant Jiang has not identified any concrete Fifth Amendment concern arising from the SEC's document requests.  Yet, he proposes an across-the-board stay that would stop this case in its tracks for an indefinite period, leading to the potential loss of evidence, fading of memories, and burdens on the Court and the parties to play "catch up" when the case eventually gets back on track.[6]  Under these circumstances, a stay of document discovery should be denied.[7]

*Third*, there is no basis to stay document discovery as to Defendants CNEP and Wang, or Relief Defendant Sun.  As discussed above, document discovery does not ordinarily implicate the Fifth Amendment and, like Jiang, CNEP, Wang, and Sun have not articulated why they believe the SEC's document requests raise any Fifth Amendment concern.  Further, as to CNEP and Sun, there is no parallel criminal action and there is therefore no Fifth Amendment concern. The SEC is also unaware of any authority for the proposition that CNEP, as a corporation, can invoke the Fifth Amendment privilege under any circumstances.  Finally, Wang should not be permitted to use the Fifth Amendment privilege as a shield in this case when he has not appeared in the Criminal Proceeding and resides outside the United States.

Thank you for your consideration in this matter.

                        Sincerely,

                        */s/ Alfred A. Day*
                        Alfred A. Day
                        Assistant Chief Litigation Counsel

---

[4] Defendant Jiang's proposal to stay this case is also premature, insofar as the parties have already agreed to stay all discovery other than document discovery pending a ruling on Defendants' motions to dismiss, as described above. Defendant Jiang is thus fully protected against being compelled to testify at this time.

[5] The SEC has no objection to Defendant Jiang seeking a protective order as to any particular document request that he believes implicates his Fifth Amendment privilege.  The SEC reserves the right to oppose any such motion.

[6] The SEC understands that no trial date has been set in the Criminal Proceeding and, as noted above, Defendant Wang has not appeared.

[7] This letter request concerns the SEC's requests for production only, and Defendant Jiang's proposed stay which the SEC understands may, among other things, seek a stay of document discovery.  The SEC reserves the right to separately address and oppose any other relief that Defendant Jiang (or others) may request.