COFFINO LAW GROUP

October 1, 2013

<u>VIA ECF AND FACSIMILE</u>

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312
Fax:  212.805.7927

<u>SEC v. China Northeast Petroleum Holdings Ltd., et al</u>., No. 12-CV-8696-NRB

Dear Judge Buchwald,

We represent defendant China North East Petroleum Holdings Limited ("NEP" or "the Company") in this action.  At the invitation of the Court and in accordance with its Individual Practice Rule 2.B., we submit this letter in response to the letter of the plaintiff Securities and Exchange Commission ("SEC") dated September 25, 2013.

NEP joins in the letter dated October 1, 2013 that Gibson Dunn filed on behalf of defendant Chao Jiang, including the request for a pre-trial motion conference to discuss the proposed filing of a Joint Motion to Stay these proceedings pending resolution of the parallel criminal proceedings against defendants Jiang and Hong Jun Wang.

We supplement the Gibson Dunn submission with the following to address the issue the SEC raised regarding the inclusion of non-indicted defendants in the stay.  We submit that inclusion of NEP, a non-indicted defendant, as part of any stay is self-evident for following reasons:

<u>First</u>, carving the case effectively into two actions is grossly inefficient and would lead to a needless expenditure of judicial and party resources.  The Company is a co-defendant on virtually all the claims the SEC has brought against the defendants who are facing an indictment.  The alleged liability of the Company, therefore, is vicarious of the indicted defendants.  To eliminate substantial duplication of effort, prosecution and defense of those claims should proceed in the same action at the same time.  *Parker v Dawson*, No 06-CV-6191 (JFB), *11 (E.D.N.Y. Aug. 27, 2007) (stay necessarily extended to corporation to avoid duplication of discovery efforts).

This is especially true because defendants Jiang and Wang are alleged *the* central figures in the claims against the Company.  If the Court limits a stay to claims against either or both individuals, the Company would have to conduct discovery without them and then, upon resolution of the criminal action, re-conduct discovery.  This would unfairly and unnecessarily waste resources and duplicate effort.  *See Parker v. Dawson*, No 06-CV-6191 (JFB), *11 (E.D.N.Y. Aug. 27, 2007); *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc.,* 886 F. Supp. 1134, 1139  (S.D.N.Y. 1995).

<u>Second</u>, contrary to what the SEC implies, a partial stay that leaves the action active against the Company adversely affects the ability of the Company to defend. This is because the exclusion of the indicted defendants prevents the Company from gaining access to their evidence, whether testimonial or documentary and therefore severely handicaps its defense. *Parker*, No 06-CV-6191 (JFB) at *11 (stay extended to corporation because it cannot adequately defend itself without testimony of indicted corporate officer).

This applies both to documentary and testimonial evidence. Contrary to the unsubstantiated assertion of the SEC, the privilege against self-incrimination is not limited to oral testimony, but can apply as well to requests for production of documents. An individual can invoke his Fifth Amendment privilege when compelled to turn over documents that may incriminate or lead to inculpatory evidence if the act of production itself implies an assertion of fact. *United States v. Hubbell*, 530 U.S. 27, 42, 43 (2000).

<u>Third</u>, without a full airing of evidence, bifurcation would risk inconsistent rulings, particularly here given the derivative nature of the claims against the Company. *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990) (when considering whether to bifurcate trial "district courts should consider [preserving] constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion").

<u>Fourth</u>, the Court can fairly ask—in light of the compelling reasons to support a full stay—why the SEC wants to exclude the Company from any stay. We submit the SEC wants to gather evidence for the Department of Justice ("DOJ") in aid of possible further indictments, including against the Company. The SEC should not be permitted to shill for the DOJ and generate "evidence" the DOJ cannot otherwise obtain. *United States v. Kordel*, 397 U.S. 1, 11 (1970) (government may not bring civil action solely to obtain evidence for criminal prosecution); *United States v. Tweel*, 550 F.2d 297, 299 (5th Cir. 1977) (even where government initiated legitimate civil enforcement investigation, subsequent criminal prosecution based on deceit or trickery is improper).

NEP respectfully requests a pre-motion conference to discuss the submission of the proposed Joint Motion to Stay the Case Pending Resolution of Parallel Criminal Proceedings.

                                      Respectfully Submitted,

                                      Michael J. Coffino

Copy by email:

    Al Day
    Thad Davis
    Geoff Coll

Hon. Naomi Reice Buchwald
10/1/13
Page 3 of 3

# CERTIFICATE OF SERVICE

I, Jaime Santos, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 201 Spear Street Suite 1100, San Francisco, California, 94105.  On October 1, 2013, I served the foregoing letter on the parties stated below, by the following means of service:

| | |
|---|---|
| Alfred A. Day<br>U.S. Securities and Exchange Commission (DC)<br>100 F Street, N.E.<br>Washington, DC 20549<br>(202)-551-6000<br>Fax: (202)-552-9292<br>Email: daya@sec.gov<br><br>*Attorneys for Plaintiff U.S. Securities & Exchange Commission* | Geoffrey H. Coll<br>Schiff Hardin LLP<br>666 Fifth Ave., 17th Floor<br>New York, NY 10103<br>(212) 753-5000<br>Fax: (202) 778-6460<br>Email: gcoll@schiffhardin.com<br><br>*Attorneys for Defendant Wang Hongjun, Sun Jishuang, and Jiang Mingfu* |
| | Thad A. Davis<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street<br>San Francisco, CA 94105<br>(415)-393-8200<br>Fax: (415)-37408414<br>Email: tdavis@gibsiondunn.com<br><br>*Attorneys for Defendant Chao Jiang* |

BY (E-MAIL): I caused a true .PDF copy of the above-mentioned document to be transmitted by e-mail to the parties identified above at their respective e-mail addresses. I am readily familiar with this office's practice for transmissions by e-mail. Transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as completed and without error. In sending the foregoing document by e-mail, I followed this office's ordinary business practices. The sending e-mail address is jsantos@coffinolawgroup.com.

I certify under penalty of perjury that the foregoing is true and correct and that this Certificate of Service was executed by me on October 1, 2013, at San Francisco, California.

_____/s/Jaime Santos_____
Jaime Santos