**MEMO ENDORSED**



Geoffrey H. Coll
212 745-9551
gcoll@schiffhardin.com

**MEMO ENDORSED**

666 FIFTH AVENUE
17TH FLOOR
NEW YORK, NY 10103
t 212.753.5000
f 212.753.5044
www.schiffhardin.com

October 2, 2013



**VIA ECF AND FACSIMILE**

Honorable Naomi Reice Buchwald
United States District Court, SDNY
500 Pearl Street
New York, NY 10007-1312

Re:   SEC v. China Northeast Petroleum Holdings, Ltd., et al., No. 12-CIV-8696

Dear Judge Buchwald:

    Schiff Hardin is counsel to individual defendant Wang Hongjun ("Mr. Wang") and his wife, individual relief defendant Sun Jishuang ("Ms. Sun"), in the above-referenced action.

    Pursuant to your Honor's Individual Practices 2.B, Schiff Hardin respectfully requests a pre-motion conference to obtain leave to file a Motion to Withdraw as counsel to Mr. Wang and Ms. Sun in this action, or in the alternative, leave to file such Motion to Withdraw without a pre-motion conference.

    The substantive basis of Schiff Hardin's Motion to Withdraw includes information obtained in privileged and confidential attorney-client communications. Therefore, consistent with our ethical obligation to preserve the confidentiality of such communication as much as possible, we also respectfully request that the Court "so order" this letter permitting us to file our Motion to Withdraw and supporting documents under seal. *So Ordered. Naomi*

    Finally, in response to the plaintiff Securities and Exchange Commission's ("SEC") September 25, 2013 letter requesting a pre-motion conference on defendants' request for a stay, Mr. Wang and Ms. Sun adopt and join in the arguments for a stay of discovery made in response by their co-defendants in their October 1, 2013 correspondence to the Court. In particular, given that the conduct at issue in the SEC's civil case is virtually identical to that alleged in the related criminal proceeding, both Mr. Wang and Mr. Chao are defendants in both the criminal and SEC's civil case, and both face the quandary of waiving their Fifth Amendment rights or effectively forfeiting their civil cases, a stay is warranted. *Declined. 10/9/13*

    The SEC's current tactic in suddenly now pushing hard for rapid document discovery in its civil case while the criminal proceedings against Mr. Wang and Mr. Chao remain extant underscores the precise danger of prejudice that other Courts have strongly warned against where the Government can "manipulate simultaneous civil and criminal proceedings, both of which it controls." *Sterling Nat'l Bank v. A-1 Hotels, Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001). Here, the SEC first filed an inadequate Complaint against Mr. Wang and Mr. Chao, as demonstrated by the arguments raised in their respective Rule 12(b)(6) Motions to Dismiss still *sub judice* before this Court, that among other defects, astonishingly hid the fact that the principal independent audit report that the SEC relies upon in making its case fully exonerated Mr. Wang of any intentional wrongdoing by finding "no evidence to suggest that funds transferred to ... Mr. Wang were withdrawn for his personal use," but



Honorable Naomi Reice Buchwald
October 2, 2013
Page 2

instead applied only "to make payments related to the operations of [CNEP]." Faced with dismissal of the fraud claims in its civil suit, the SEC then coaxed the Department of Justice into cynically hedging the SEC's weak position by pushing through the grand jury a criminal indictment of Mr. Wang and Mr. Chao on the same tepid facts. Now, in opposing a stay that would allow Mr. Chao and Mr. Wang potentially to defend themselves against these same criminal charges that the SEC cynically prompted for its own ends, the SEC seeks to move rapidly forward with its ultimate end-game strategy of winning its civil fraud case by Fifth Amendment adverse inference, rather than the actual evidence that it lacks.

The SEC closes its letter by condemning Mr. Wang for using "the Fifth Amendment privilege as a shield in this case when he has not appeared in the Criminal proceeding and resides outside the United States." Given the manner in which the government has continuously whip-sawed Mr. Wang and Mr. Chao between civil and criminal proceedings in precisely the prejudicial manner that Courts in this district have warned against, is it hardly surprising that for the moment at least, Mr. Wang apparently continues to remain in China?

Respectfully submitted,

Geoffrey H. Coll

Ralph V. De Martino
*Admitted Pro hac vice*
Schiff Hardin LLP
901 K Street, NW
Washington, DC 20001
(202) 778-6400

Schiff Hardin LLP
666 Fifth Avenue
New York, NY  10103
(212) 753-5000

Attorneys for Defendant Wang Hongjun and
Relief Defendant Sun Jishuang