**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>    v.<br><br>CHINA NORTHEAST PETROLEUM HOLDINGS LIMITED; WANG HONGJUN, (a/k/a Hongjun Wang); JU GUIZHI (a/k/a Guizhi Ju); and JIANG CHAO (a/k/a/ Chao Jiang)<br><br>                    Defendants,<br><br>JIANG MINGFU (a/k/a Mingfu Jiang); and SUN JISHUANG (a/k/a Jishuang Sun),<br><br>                    Relief Defendants. | Case No. 12-CV-8696 (NRB)<br>ECF Case |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO SERVE**
**DEFENDANT JU GUIZHI BY ALTERNATIVE MEANS**

Plaintiff, the United States Securities and Exchange Commission (the "Commission"), respectfully submits this reply in support of its Motion to Serve Defendant Ju Guizhi ("Ju") by Alternative Means (Dkt. No. 58).

Defendant Ju is a Chinese national whose whereabouts are currently unknown to the Commission.  Ju has not appeared in this case, and multiple efforts to serve her – including service under the Hague Convention at her last known address in China– have been unsuccessful.

As described in its moving papers, the Commission has reason to believe that its efforts to serve Ju, combined with the close family relationship among certain defendants, have resulted in Ju having actual notice of this lawsuit.  Specifically, counsel for Ju's son (Defendant Wang

Hongjun ("Wang")) and daughter-in-law (Relief Defendant Sun Jishuang ("Sun")) represented to undersigned counsel that Ju was interviewing potential counsel and considering a limited appearance for the purpose of engaging in settlement negotiations.[1]  The Commission therefore respectfully requests that this Court confirm that Ju has actual notice of this lawsuit, and has thus been adequately served by alternative means.  *Cf. Unite National Retirement Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 336 (S.D.N.Y. 2008) ("Service of process is not intended to be a game of cat and mouse.  Rather, '[t]he purpose of service of process is to apprise the defendant that suit has been brought against him and to give him an opportunity to defend.' . . . Here, there is no question that those aims have been fulfilled." (citation omitted)).

In the alternative, the Commission respectfully requests that the Court authorize additional means of alternative service, including without limitation, by serving process at:

(i)     the home of Ju's daughter-in-law, Sun, in Walnut, California where Sun and Wang were personally served in this case and where Wang is believed to reside when he is in the United States; and/or

(ii)    the offices of counsel for Defendant China North East Petroleum Holdings Limited ("CNEP") who represents Ju in private securities litigation pending in this district.

The Commission believes that these additional measures are reasonably calculated to give Ju further notice of this lawsuit.

CNEP purports to oppose the relief sought by the Commission, but fails to explain why it has any legitimate interest in seeing Ju evade service.  *See* Dkt. No. 60.  Indeed, CNEP has previously taken the position that its liability in this case is derivative of the individual defendants' conduct and that its defense therefore hinges on its ability to conduct discovery

---

[1]     The Commission notes that counsel for Wang and Sun has not opposed this motion and has not contested these facts.

against the individual defendants.  *See* Dkt. No. 51.[2]  It therefore appears to be very much in

CNEP's interest that all parties are joined.

In any event, CNEP lacks standing to oppose the relief sought in the Commission's

motion.  Codefendants do not have standing to assert claims about service, including the need for

or adequacy of alternative service, on behalf of other defendants.  *Farrell v. Burke*, 449 F.3d 470,

494 (2d Cir. 2006) ("Federal courts as a general rule allow litigants to assert only their own legal

rights and interests, and not the legal rights and interests of third parties."); *SEC v. Lines*, No. 07

Civ. 11387, 2009 WL 2431976, at *2 (S.D.N.Y. Aug. 7, 2009) (properly-served defendants do

not have standing to oppose substitute service on unserved defendants); *Duttle v. Bandler &

Kass*, No. 82 Civ. 5084, 1992 WL 162636, at *5 (S.D.N.Y. June 23, 1992) (properly served

defendants lacked standing to assert that service of process on a different defendant was

improper).  The Commission has no objection to CNEP raising arguments about whether its

counsel is an appropriate conduit for court-approved alternative service (*see* Dkt. No. 60 at 5-6),

but it lacks standing to challenge the ultimate relief sought—*i.e.*, the Commission's request that

the Court either (i) confirm that Ju has been adequately served or (ii) authorize additional means

of alternative service to further ensure that Ju has actual notice of this suit.[3]

---

[2]      CNEP made this argument in the context of the parties' dispute over whether this case should be stayed in light of the criminal indictment of Defendants' Jiang and Wang, but the reasoning applies with equal force to Defendant Ju.

[3]      CNEP also argues that the Commission's motion fails to comply with Local Rule 7.1 and that the Commission should be required to engage in serial attempts at service under the Hague Convention.  On the first point, CNEP does not appear to challenge any of the factual assertions in the Commission's motion (which are based on counsel's personal knowledge and set forth in a document signed under Rule 11) or the authenticity of the documents attached to the motion.  However, if the Court so requires, undersigned counsel will provide a declaration covering the same ground.

Regarding the Commission's attempt to serve Ju under the Hague Convention, service was attempted at Ju's last known address as set forth in verified documents filed with the Commission.  No more should be required. If, however, CNEP's counsel (who also represents Ju in private securities litigation pending in this district) knows of one or more additional addresses at which service may be made upon Ju, the Commission respectfully requests that the Court order counsel to provide such addresses.

CNEP's argument that its counsel is not an appropriate conduit for alternative service rings hollow.  CNEP does not deny that its counsel represents Ju in private securities litigation in this district.[4]  Indeed, among the materials appended to CNEP's opposition is an email in which CNEP's counsel wrote:

> I should clarify one aspect of my recent email (below). ***We do represent Ms. Ju in the consolidated class actions pending in the SDNY.*** I meant to convey in my email that we do not represent and have not represented her in connection with the prior SEC investigation that has now become a formal action.
>
> The conclusion of my email remains the same. We are not authorized to accept service or any package on her behalf in connection with the SEC action or generally.

*See* Dkt. No. 61, Exh. B (email from Coffino to Banerjee dated December 7, 2012 (emphasis supplied)).

CNEP continues to argue that its counsel is not authorized to accept service for Ju.  But that argument misses the point – the Commission is ***not*** arguing that CNEP's counsel is authorized by Ju to accept service on her behalf, but rather that it is reasonable alternative service to deliver copies of the summons and complaint to a law firm that (i) represents Ju in private securities litigation in this district (and presumably has, or has had, the means to communicate with her) and (ii) represents in this case the Company with which she has long been associated.[5]

---

CNEP also incorrectly asserts that the Commission has not otherwise attempted to obtain current contact information for Ju.  Among other things, the Commission sought current contact information for Ju in its discovery requests to Defendants.  Because discovery in this matter has been stayed, the Commission has received no response from Defendants.

[4]    The Commission notes that CNEP's counsel is seeking to withdraw its representation of defendants, including Ju, in the *Rosado* case on the ground that counsel has not been paid and defendants are uncooperative.  *See Rosado v. China North East Petroleum Holdings Limited, et al.*, S.D.N.Y. Case No. 1:10-cv-4577-MGC, Dkt. No. 111 (memorandum of law in support of motion to withdraw).

[5]    CNEP similarly argues that Sun is not, to CNEP's knowledge, authorized to accept service.  While CNEP lacks standing to assert this argument, the issue is not whether Sun (or CNEP's counsel) is authorized to accept service, but whether delivering process to Sun is reasonably calculated to apprise Ju of this lawsuit.

CNEP's counsel now claims that it has "no ***direct*** means of sending anything to her" because it has "no mailing or email address for her."   *See* Dkt. No. 61 at ¶ 6 (emphasis supplied).  This assertion raises the question of whether counsel has an "indirect" means of communicating with Ju.  Indeed, CNEP's counsel has recently served its motion to withdraw as counsel on Ju via email to her son, Defendant Wang.  *See Rosado v. China North East Petroleum Holdings Limited, et al.*, S.D.N.Y. Case No. 1:10-cv-4577-MGC, Dkt. No. 111 (Certificate of Service).  CNEP's position is ironic; while arguing in this case that alternative service should not be allowed, CNEP's counsel itself has sought to serve Ju by alternative means in the *Rosado* case.  The Commission therefore respectfully requests that, in addition to the means of alternative service requested in its motion, the Court additionally authorize alternative service via email in the same manner employed by CNEP's counsel.

Dated:  November 7, 2013

Respectfully submitted,


*/s/ Alfred A. Day*
Alfred A. Day
Ansu N. Banerjee
U.S. Securities & Exchange Commission
100 F Street, N.E.
Washington, DC  20549
Tel:  (202) 551-4702 (Day)

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 7, 2013, the foregoing document was filed through the Court's ECF system, and counsel has relied upon that system's service upon all counsel of record.

*/s/ Alfred A. Day*