

Geoffrey H. Coll
212 745-9551
gcoll@schiffhardin.com

666 FIFTH AVENUE
17TH FLOOR
NEW YORK, NY 10103
t 212.753.5000
f 212.753.5044
www.schiffhardin.com

November 14, 2013

**VIA ECF AND FACSIMILE**

Honorable Naomi Reice Buchwald
United States District Court, SDNY
500 Pearl Street
New York, NY  10007-1312

Re:     SEC v. China Northeast Petroleum Holdings, Ltd., et al., No. 12-CIV-8696

Dear Judge Buchwald:

Schiff Hardin is counsel to individual defendant Wang Hongjun ("Mr. Wang") and his wife, individual relief defendant Sun Jishuang ("Ms. Sun"), in the above-referenced action.

We write in response to the Court's Letter dated November 1, 2013, raising certain concerns arising from the SEC's October 16, 2013, response to Schiff Hardin LLP's motion to withdraw as counsel to Mr. Wang and Ms. Sun.  The SEC's October 16 response requests as conditions of granting the motion (1) that the Court ensure that Mr. Wang's and Ms. Sun's current contact information be provided to all parties, and (2) that an ECF account be established on behalf of both defendants.

The Court expressed two concerns in response to this exchange.  The first concern is the Court's ability to contact parties, and the second concern was whether the provision of Mr. Wang's and Ms. Sun's contact information to all parties would violate either attorney-client privilege or, at the very least, the duty of confidentiality, particularly given the pendency of the criminal case against Mr. Wang in which he has not yet appeared.  The Court requested the parties' views on these concerns, which we provide below as counsel to Mr. Wang and Ms. Sun.

**I.      Whether Schiff Hardin LLP may disclose Mr. Wang's and Ms. Sun's**
         **Contact Information without their Consent**

Since receipt of the Court's November 1, 2013 letter, Schiff Hardin LLP has attempted to contact Mr. Wang and Ms. Sun by telephone and e-mail without any success.  We therefore cannot answer the Court's question as to whether they would be willing to establish ECF accounts to provide them with notice going forward.

Schiff Hardin is in possession of the following types of contact information for Mr. Wang and Ms Sun: (1) Mr. Wang's former business address at China Northeast Petroleum Holdings. Ltd., which is a matter of public record known to all parties, (2) Ms. Sun's home address in California which is also a matter of public record known to all parties, and (3) Mr. Wang's personal e-mail address and Chinese cell phone number, neither of



Honorable Naomi Reice Buchwald
November 14, 2013
Page 2

which to our knowledge is known to the SEC or other parties who have appeared in this litigation. We do not have either client's consent to provide this information to the Court or other parties.

Rule 1.6 of the NY Rules of Professional Conduct governs the confidentiality of information. Rule 1.6(a) prohibits a lawyer from knowingly revealing confidential information without a client's consent unless the disclosure is impliedly authorized to advance the best interests of the client or the disclosure is permitted by paragraph (b). Paragraph (b)(6) of Rule 1.6 provides that a lawyer may reveal or use confidential information to the extent the lawyer reasonably believes necessary when permitted or required under the Rules "or to comply with another law or court order." Rule 1.6 defines "confidential information" as "information gained during or relating to the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that the client has requested be kept confidential."

As an initial matter, our research indicates that Mr. Wang's personal e-mail address and cell phone number are likely not protected from disclosure by the attorney-client communication privilege. *See In the Matter of Grand Jury Subpoenas Served Upon Field*, 408 F. Supp. 1169 (S.D.N.Y. 1976). The Court in *In the Matter of Grand Jury Subpoenas Served Upon Field* addressed a situation where attorneys were subpoenaed by a grand jury to determine the whereabouts of their clients. In that case, the Court explained that a determination of whether the client's whereabouts must be disclosed will depend on an analysis of the facts of the case and the nature of the communications involved. *Id.* at 1172-73. The Court observed that a client's address is not information which always falls within the privilege, but instead as with a client's identity, it is only in rare instances that this information will be protected. *Id.* The Court went on to state that "[c]ertainly the information will not be considered privileged simply because the client communicated his address to his attorney to enable him to receive advice about matters having nothing to do with that information." The Court ultimately held, however, that the address was protected by the attorney-client privilege in that case only because the address itself was at the heart of the legal advice being sought. *Id.*

However, Mr. Wang's personal e-mail address and cell phone number are both confidential information under Rule 1.6. Given that Mr. Wang has been criminally indicted in the United States and has not yet appeared in response to the indictment, disclosure of Mr. Wang's personal e-mail address and cell phone number is not "impliedly authorized to advance the best interests of the client" under Rule 1.6(a), and is "likely to be . . . detrimental to the client" under Rule 1.6(b). Schiff Hardin LLP therefore respectfully submits that it may only reveal this confidential information in response to a Court order. *See* Rule 1.6 (b)(6); *see also D. Klein & Son, Inc. v. Good Decision, Inc.*, 2006 WL 298798, at *1 (S.D.N.Y. 2006) (granting counsel's motion to withdraw, conditioned upon counsel providing the client's last known address); *Wilson v. Pasquale's DaMarino's, Inc.*, 2013 WL 1195603, at *9 (S.D.N.Y. 2013) (same); *Koon Chung King Kee Soy & Sauce Factory, Ltd. V. Kun Fung USA Trading Co., Inc.*, 2009 WL 605786 (E.D.N.Y. 2009)(same).

## II.   Whether Mr. Wang's and Ms. Sun's Motion to Dismiss Must Be Withdrawn

The Court in its November 1, 2013 letter also preliminarily signaled that if Mr. Wang and Ms. Sun "established ECF accounts, that would be sufficient to provide them with notice going forward. However, if they elect not to establish accounts for any reasons, it would seem that Wang and Sun will need to withdraw their motion to dismiss."



Honorable Naomi Reice Buchwald
November 14, 2013
Page 3

With respect, requiring Mr. Wang and Ms. Sun to withdraw their pending Motion to Dismiss is too harsh a sanction for their failure to establish ECF accounts at this stage, particularly given our inability to contact them to advise them of the peril they face, and the current state of proceedings. "A court's decision to strike a defendant's pleadings is tantamount to entering judgment against that party. Accordingly, a court must proceed with great restraint and caution in determining whether there are sufficient grounds to justify such an extreme sanction. Moreover, the Second Circuit has articulated a strong preference for resolving disputes on the merits." *Wilson v. Pasquale's DaMarino's, Inc.*, 2013 WL 1195603, at *5 (S.D.N.Y. 2013), *citing Marfia v. T.C. Ziraat Bankasi, New York Branch,* 100 F.3d 243, 248-49 (2d Cir. 1996). "Because dismissal or a default judgment 'is a drastic remedy,' it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *Id.* at *6, *quoting West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1988).

The current state of proceedings especially cautions against taking such a drastic step. Here, Mr. Wang's and Ms. Sun's pending Motion to Dismiss has been fully briefed and under submission to the Court since last May 2013. Furthermore, the Court recently granted all defendants' requests to stay all further activity or discovery in this case, pending the outcome of defendant Chao's criminal case. Thus, no further activity is going forward in the case that would require any communication by any party or the Court with Mr. Wang or Ms. Sun, apart from waiting for the Court's decision on the pending Motions to Dismiss.

While perhaps unlikely, the theoretical possibility still exists that if the Court were to grant Mr. Wang's and Ms. Sun's Motions to Dismiss the Complaint with prejudice, they would be out of the case entirely, requiring no further need to contact them. Under these circumstances, a less drastic available sanction would be to wait for the Court's decision on Mr. Wang's and Ms. Sun's Motion to Dismiss, and should the Motion to Dismiss be denied in whole or in part, or granted with leave to the SEC to amend, only then begin to utilize the range of possible prospective sanctions available to the Court should Mr. Wang and Ms. Sun at that point continue to fail to open an ECF account or engage new counsel with ECF privileges. In the interim, the Court and the parties could continue to use the existing contact information available for Mr. Wang and Ms. Sun, including Mr. Wang's business address in China and Ms. Sun's United States residence address in California at which they were served; moreover, should the Court also decide to order the disclosure of Mr. Wang's personal e-mail address and cell phone number in China, that information could also be used in the interim to contact them.

Respectfully submitted,

Geoffrey H. Coll

Ralph V. De Martino
*Admitted Pro hac vice*
Schiff Hardin LLP
901 K Street, NW
Washington, DC 20001
(202) 778-6400

Schiff Hardin LLP
666 Fifth Avenue
New York, NY   10103
(212) 753-5000

Attorneys for Defendant Wang Hongjun and
Relief Defendant Sun Jishuang