

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 First Street, N.E.
Washington, D.C. 20549

DIVISION OF
ENFORCEMENT

Alfred A. Day
Assistant Chief Litigation Counsel
Direct dial: 202-551-4702
Email: daya@sec.gov

November 18, 2013

VIA ECF

Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-1312

    Re:    *SEC v. China Northeast Petroleum Holdings Ltd., et al.*
              **Civil Action No. 1:12-cv-08696-NRB**

Dear Judge Buchwald,

We are writing in response to the Court's letter of November 1, 2013 and Geoffrey Coll's letter of November 14, 2013 (Dkt. No. 63).

It appears that both Defendant Wang and Relief Defendant Sun are no longer participating in the defense of this case, either through their current counsel (Schiff Hardin LLP) or individually. Likewise, as the Court noted in its November 1 letter, Defendant Wang has not appeared in the related criminal proceeding. It further appears that Schiff Hardin is unable to communicate with Defendant Wang and Relief Defendant Sun at this time.

We continue to take no position on Schiff Hardin's motion to withdraw. However, we very much agree with the Court's observation that the ability of the parties and the Court to communicate is fundamental. This is why the SEC requested that the Court require Defendant Wang and Relief Defendant Sun to provide contact information and establish ECF accounts – in essence to appear *pro se* – if Schiff Hardin is permitted to withdraw. If, on the other hand, they choose not to appear (whether *pro se* or through successor counsel), they will be in default. *See, e.g., Quick Fitting, Inc. v. Zhejiang Xingxin Aite Copper Mfg. Co., No. Ltd.*, No. CA 11-463L, 2013 WL 2285454, at *1 (D.R.I. May 23, 2013) (ordering party, upon withdrawal of counsel, to (i) engage new counsel, (ii) provide contact information and establish an ECF account, or (iii) risk default).

The relief the SEC requests is authorized by this Court's rules. Specifically, Rule 2.2(a) of the SDNY Electronic Case Filing Rules and Instructions provides in relevant part:

> The Court may permit or ***require*** a *pro se* party to a pending civil action to register as a Filing User in the ECF system solely for purposes of that action. Registration is in a form prescribed by the Clerk and ***requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party.***

*Id.* (emphasis supplied); *cf.* Local Rule 26.1 (party must provide verified statement of residence and domicile within seven days of demand).

The Court raised the question of whether Schiff Hardin may, consistent with its ethical obligations, disclose its clients' contact information. We take no position on this question, other than to note that Defendant Wang and Relief Defendant Sun have the option of engaging successor counsel if they do not wish to disclose their contact information to the Court and the parties. But they should not be permitted to invoke this Court's power, and consume the Court's resources, *in absentia*.

Finally, we do not believe it is punitive to withdraw Defendant Wang and Relief Defendant Sun's pending motion to dismiss upon withdrawal of counsel (or, in the alternative, to hold the motion in abeyance until such time as they choose to participate in this litigation). Rather, withdrawal of the motion is a necessary and equitable consequence of their apparent choice not to participate in this litigation.

Thank you for your consideration in this matter.

Sincerely,

Alfred A. Day
Assistant Chief Litigation Counsel

cc: Counsel of record