Case 1:12-cv-08696-NRB   Document 71   Filed 01/14/14   Page 1 of 3

Michael J. Coffino (Admitted Pro *Hac Vice*)
Jaime J. Santos (JS-3361)
COFFINO LAW GROUP, LLP
201 Spear Street, Suite 1100
San Francisco, CA 94105
Telephone (415) 426-3530
Fax (415) 426-3531

Attorneys for Defendant
CHINA NORTHEAST
PETROLEUM HOLDINGS LIMITED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>   vs.<br><br>CHINA NORTHEAST PETROLEUM HOLDINGS LIMITED; WANG HONGJUN, (a/k/a Hongjun Wang); JU GUIZHI (a/k/a Guizhi Ju); and JIANG CHAO (a/k/a/ Chao Jiang)<br><br>                    Defendants,<br><br>JIANG MENGFU (a/k/a Mingfu Jiang); and SUN JISHUANG (a/k/a Jishuang Sun),<br><br>                    Relief Defendants. | No. 12-CV-8696 (NRB)<br>ECF<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHINA NORTHEAST PETROLEUM HOLDINGS LIMITED'S OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION TO STRIKE DEFENDANT WANG AND SUN'S JOINT MOIONT TO DISMISS COMPLAINT** |

      Defendant China Northeast Petroleum Holdings Limited ("NEP") respectfully submits this brief opposition to the *Ex Parte* Motion of the SEC to Strike Defendant Wang and Sun's Joint Motion to Dismiss Complaint (Dkt. No. 66).

- 1 -

Introduction

NEP takes no position on the specific dispute between the SEC and Wang and Sun that is embodied in the motion to strike of the SEC.  Rather, NEP files this opposition to assure that any remedy the Court may grant on the motion to strike does not impact the pending motion to dismiss of NEP, which previously incorporated by reference the Wang and Sun motion to dismiss that the SEC now seeks to strike.

Background

On April 14, 2013, defendant Wang Hongjun ("Wang") and relief defendant Sun Jishuang ("Sun") filed a Joint Motion to Dismiss Complaint with Prejudice (Dkt. No. 31) ("Wang Motion") and a corresponding Memorandum of Law in Support (Dkt. No. 32) and Declaration of Geoffrey H. Coll in Support (Dkt. No. 33).  In their joint motion, Wang and Sun demonstrated, among other things, that the SEC did not plead its fraud claims with requisite particularity (Dkt. No. 32 at 9-18) and the books and records claims also were not adequately pled (*Id.* at 19-20).  The SEC asserts these same claims against NEP, which are found in Counts I, IIand IV of the Complaint.

Also on April 14, 2013, NEP filed a Motion to Dismiss Counts I and II of the Complaint (Dkt. No. 28) and corresponding Memorandum of Law in Support (Dkt. No. 29) and Declaration of Jaime J. Santos in Support (Dkt. No. 30).  In its Memorandum of Support, NEP "incorporate[d] by reference the showings of defendants Jiang and Wang in their respective motions to dismiss."  Dkt. No. 29 at 13.

On December 31, 2013, SEC filed an *Ex Parte* Motion to Strike Defendants Wang and Sun's Joint Motion to Dismiss Complaint (Dkt. No. 66) ("Motion to Strike").

In response to the Motion to Strike, we requested a stipulation from the SEC that the incorporation by reference of NEP of the Wang Motion to Dismiss shall continue to constitute a basis for the NEP Motion to Dismiss even if the Court strikes the Wang Motion in whole or in part.  The SEC declined to stipulate and advised that it takes no position on whether the ambit of any grant of its motion to strike should be so limited.  Accordingly, as a precautionary measure, we are filing this opposition.

Discussion

As noted, NEP takes no position on the underlying merits of the motion to strike.  We are concerned only about the impact of any ruling on the pending NEP motion to dismiss.  That is, we want to be clear that the SEC seeks—and can only obtain—a narrow pleading remedy limited to the alleged failure of Wang and Sun to satisfy conditions this Court delineated concerning future participation in this action.  (*See* Dkt. No. 67 at 1-2).

Accordingly, we submit that any grant, in whole or in part, of the SEC motion to strike must, by definition, be limited to the pleading relationship between the SEC and Wang and Sun and have no impact on the NEP motion to dismiss.  Put differently, by virtue of the prior incorporation by reference, the contents of the Wang and Sun motion to dismiss are embedded in the NEP motion to dismiss and thus should remain unaffected by (and thus survive) any relief the Court could grant on the SEC on the motion to strike.

Dated: January 14, 2014            Respectfully submitted,

                                              COFFINO LAW GROUP, LLP

                                              By:   /s/ Michael J. Coffino
                                                     MICHAEL J. COFFINO
                                                     Coffino Law Group, LLP
                                                     201 Spear Street, Suite 1100
                                                     San Francisco, CA 94105
                                                     Tel:  415-426-3530