**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
: 
UNITED STATES SECURITIES AND                            :
EXCHANGE COMMISSION,                                     :
                                                        :
                        Plaintiff,                      :
                                                        :
            vs.                                         :
                                                        :
CHINA NORTHEAST PETROLEUM                                :   No. 12 CV 8696 (NRB)
HOLDINGS LIMITED; WANG HONGJUN                           :
(a/k/a Hongjun Wang); JU GUIZHI (a/k/a                   :
Guizhi Ju); and JIANG CHAO (a/k/a Chao                  :   ECF Case
Jiang),                                                 :
                                                        :
                        Defendants,                     :
                                                        :
JIANG MINGFU (a/k/a Mingfu Jiang); and                  :
SUN JISHUANG (a/k/a Jishuang Sun),                      :
                                                        :
                    Relief Defendants.                  :
                                                        :
                                                        :
--------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HONGJUN WANG'S**
**OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION TO STRIKE DEFENDANTS**
**WANG AND SUN'S JOINT MOTION TO DISMISS COMPLAINT**

JOSEPH N. AKROTIRIANAKIS
(Admitted *pro hac vice*)
jakro@hobartlinzer.com
**HOBART LINZER LLP**
777 S. Figueroa Street, Suite 4000
Los Angeles, CA 90017
Telephone:      213.225.8900
Facsimile:      213.225.8929

Attorneys for Defendant Wang Hongjun

## I.   PRELIMINARY STATEMENT

Defendant Hongjun Wang ("Mr. Wang") respectfully submits this opposition to the *Ex Parte* Motion of the Securities and Exchange Commission to Strike Defendant Wang and Sun's Joint Motion to Dismiss Complaint (Dkt. No. 66).  The above-captioned matter is currently stayed as to discovery in deference to the ongoing criminal matter.  This Court's expressed concern was over Defendant Wang being able to communicate with the Court in the litigation. That issue has now been solved. The SEC has thus suffered no conceivable prejudice from Mr. Wang's three-business-day delay in appointing counsel, over the New Year's holiday, while Mr. Wang moved to retain new counsel with alacrity coping with unavoidable language and cross-border issues and challenges.  The remedy sought by the SEC is wholly burdensome and unnecessary, and in keeping with the SEC's unreasonable "scorched earth" approach detailed in CNEP's Limited Opposition, continues to raise troublesome questions about the SEC's role and actions here.

## II.   BACKGROUND

On April 14, 2013, Mr. Wang and relief defendant Sun Jishuang ("Ms. Sun") filed a Joint Motion to Dismiss Complaint with Prejudice (Dkt. No. 31) ("Motion to Dismiss") and a corresponding Memorandum of Law in Support (Dkt. No. 32) and Declaration of Geoffrey H. Coll in Support (Dkt. No. 33).  In their joint motion, Wang and Sun demonstrated, among other things, that the Securities and Exchange Commission ("SEC") failed to plead its fraud, aiding and abetting, and books and records claims with the requisite particularity (Dkt. No. 32 at 9-20).

On October 15, 2013, this Court granted Defendants' requests to stay discovery proceedings pending the outcome of the parallel criminal action against Chao Jiang.

On November 27, 2013, the Court entered an Order (Dkt. No. 65) permitting Schiff Hardin LLP, then counsel for Mr. Wang and Ms. Sun, to withdraw as counsel of record.  The Court ordered Ms. Wang and Ms. Sun to "retain new counsel or establish ECF accounts within thirty (30) days," and stated that "failure to appear either through counsel or pro se *may* result in sanctions and/or dismissal of their pending motion to dismiss."  ("Appearance Order") (Dkt. No. 65 at 2)  (emphasis added).

On December 31, 2013, a few days after the expiration of the Appearance Order's December 27, 2013 deadline, the SEC filed an *Ex Parte* Motion to Strike Defendants Wang and Sun's Joint Motion to Dismiss Complaint (Dkt. No. 66) ("Motion to Strike").

On January 6, 2014, undersigned counsel moved for admission *pro hac vice* to appear for all purposes as counsel for Mr. Wang in this matter.  (Dkt. No. 69).  The Court approved the application on January 9, 2014.  (Dkt. No. 70).

## III.   ARGUMENT

The Court should deny the SEC's Motion to Strike.  Discovery in this action is currently stayed pending resolution of parallel proceedings against Chao Jiang, and the pending Motions to Dismiss have been thoroughly briefed and await the decision of the Court.  The SEC has suffered no prejudice, and can demonstrate no prejudice, from the three-business-day delay in Mr. Wang's compliance with the Appearance Order.  It is absurd for the SEC to suggest that this delay constitutes the kind of "extreme circumstance" requiring the "drastic remedy" of dismissal that courts in this Circuit are ordinarily extremely hesitant to impose.  *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).  Mr. Wang made a good faith effort to comply with this Court's Appearance Order.  The delay in engaging the undersigned counsel was occasioned only by the inherent challenges posed by an attempt to retain counsel over the

holiday season by a client resident in China.  Securing adept counsel from overseas is

problematic even for simple cases, much less complex multi-defendant securities actions.

The SEC's Motion to Strike is yet another example of the SEC's unnecessarily

aggressive litigation tactics in this matter.  The SEC's Motion to Strike pays little heed to the

Court's expressed concern: the ability of Mr. Wang to communicate with the Court.  If the SEC

had been responsive to the Court's concern – which has now been solved – it would have

withdrawn its Motion to Strike when it received notice of this Court's approval of the

appointment of the undersigned counsel.  It did not, despite the undersigned counsel's request, of

SEC counsel, that the SEC do so.  (During the undersigned's telephone conference with SEC

counsel, the SEC acknowledged that the Court's concern over the ability to communicate with

Mr. Wang has been addressed by the *pro hac vice* appearance, but it nonetheless refused to

withdraw the Motion to Strike.)  Similarly, as discussed in Defendant CNEP's Limited

Opposition to Plaintiff's Ex Parte Motion To Strike Defendant Wang and Sun's Joint Motion to

Dismiss Complaint (Dkt. No. 71), the SEC has refused to enter into simple stipulations regarding

the impact of any Motion to Strike, requiring other Defendants to file what should be

unnecessary opposition requests.  These tactics are unduly burdensome on Defendants, impose

frivolous motion practice on this Court, and are wholly without merit.

### IV.    CONCLUSION

For the foregoing reasons, Mr. Wang respectfully requests that the Court deny Plaintiff's

Motion to Strike and grant such other relief as this Court deems just and proper.

Dated:   January 16, 2014

By: _____/s/ Joseph N. Akrotirianakis_____

JOSEPH N. AKROTIRIANAKIS
(Admitted *pro hac vice*)
jakro@hobartlinzer.com
**HOBART LINZER  LLP**
777 S. Figueroa Street, Suite 4000
Los Angeles, CA 90017
Telephone:      213.225.8900
Facsimile:      213.225.8929

Attorneys for Defendant Wang Hongjun