UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>     v.<br><br>CHINA NORTHEAST PETROLEUM HOLDINGS LIMITED; WANG HONGJUN, (a/k/a Hongjun Wang); JU GUIZHI (a/k/a Guizhi Ju); and JIANG CHAO (a/k/a/ Chao Jiang)<br><br>                                    Defendants,<br><br>JIANG MINGFU (a/k/a Mingfu Jiang); and SUN JISHUANG (a/k/a Jishuang Sun),<br><br>                                    Relief Defendants. | Case No. 12-CV-8696 (NRB)<br>ECF Case |

**REPLY IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO STRIKE DEFENDANTS WANG AND SUN'S JOINT MOTION TO DISMISS COMPLAINT**

Plaintiff, the United States Securities and Exchange Commission (the "SEC"), respectfully submits this reply in support of its *ex parte* motion to strike defendant Wang Hongjun ("Wang") and relief defendant Sun Jishuang's ("Sun") Joint Motion to Dismiss the Complaint with Prejudice (Dkt. No. 31, the "Motion to Strike").

On November 27, 2013, the Court ordered Wang and Sun to appear, either pro se or through counsel, by December 27, 2013.  Neither did so.  New counsel for Wang moved to appear *pro hac vice* on or about January 6, 2014, which motion was granted on January 10, 2014 (Dkt. No. 70).  To date, Sun has not appeared individually or through counsel.

Prior to the appearance of Wang's new counsel, the SEC moved to strike Wang and Sun's motion to dismiss for failure to abide by the Court's order and appear by December 27,

2013.  Wang and Defendant China North East Petroleum Holdings Limited ("CNEP") each subsequently opposed the SEC's Motion to Strike.  We address each opposition in turn.

### Wang's Opposition

Wang complains that the SEC declined to withdraw its Motion to Strike in light of the appearance of Wang's new counsel after the Court's December 27, 2013 deadline, and that the SEC is thus somehow engaged in a "unreasonable 'scorched earth'" approach to this case.  (Dkt. No. 72 at 2.)  To the contrary, undersigned counsel authorized Wang's new counsel to represent to the Court that, in light of the appearance of new counsel, the SEC takes no position on what, if any, consequence should flow from the Wang's failure to abide by the letter of the Court's November 27, 2013 Order.  Simply put, that is for the Court to decide.  The SEC's position is tantamount to withdrawal of its requested relief as to Wang; it is by no means an "unreasonable 'scorched earth'" tactic.

There is another reason why the SEC declined to withdraw its Motion to Strike:  The appearance of new counsel for Wang does nothing to cure Sun's ongoing failure to abide by the Court's November 27, 2013 Order.  The SEC therefore stands by its Motion to Strike and respectfully requests that the Court at a minimum deem Wang and Sun's motion to dismiss denied as to Sun and order her to answer the complaint within fourteen (14) days.

### CNEP's Opposition

CNEP also filed a limited opposition to the SEC's Motion to Strike, in which it notes that CNEP incorporated Wang and Sun's motion to dismiss into CNEP's motion to dismiss.  The SEC generally has no objection to CNEP incorporating by reference whatever materials it wishes to incorporate by reference, so long as there is no prejudice to the SEC resulting from, for example, evading page limits.  But the SEC understands CNEP to go further here and implicitly

argue that it should be permitted to litigate any and all issues raised by Wang and Sun in their motion to dismiss, even in Sun's absence and even if the Wang and Sun's motion to dismiss is stricken in whole or in part.  The SEC believes it is premature for the Court to decide which, if any, of Wang and Sun's defenses CNEP may raise on its own behalf – a determination better made in the context of the various pending motions to dismiss.  The SEC therefore opposes the relief CNEP seeks to the extent it suggests that CNEP may properly litigate and rely upon any and all defenses raised by Wang and Sun.

Dated:  January 23, 2014            Respectfully submitted,

           */s/ Alfred A. Day*
           Alfred A. Day
           Ansu N. Banerjee
           U.S. Securities & Exchange Commission
           100 F Street, N.E.
           Washington, DC  20549
           Tel:  (202) 551-4702 (Day)

           Counsel for Plaintiff