**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| vs. | No. 12 CV 8696 (NRB) |
| | ECF Case |
| CHINA NORTHEAST PETROLEUM HOLDINGS LIMITED; WANG HONGJUN (a/k/a Hongjun Wang); JU GUIZHI (a/k/a Guizhi Ju); and JIANG CHAO (a/k/a Chao Jiang), | **ANSWER OF DEFENDANT WANG HONGJUN** |
| Defendants, | **JURY TRIAL DEMANDED** |
| JIANG MINGFU (a/k/a Mingfu Jiang); and SUN JISHUANG (a/k/a Jishuang Sun), | |
| Relief Defendants. | |

**ANSWER OF DEFENDANT HONGJUN WANG**

Atkinson, Andelson, Loya, Ruud & Romo
JOSEPH N. AKROTIRIANAKIS
12800 Center Court Drive, Suite 300
Cerritos, CA 90703
Telephone:    562.653.3200
Facsimile:    562.653.3333

*Attorneys for Wang Hongjun*

Defendant Hongjun Wang, by and through his undersigned counsel, hereby submits the following Answer to the Complaint filed by the United States Securities and Exchange Commission ("SEC") on November 29, 2012.  Except as expressly admitted, Mr. Wang denies the allegations in the Complaint.  Mr. Wang notes that on April 11, 2014 in the parallel criminal action[1] pending before Judge Richard J. Leon in the District Court for the District of Columbia, co-defendant Chao Jiang was acquitted of criminal securities fraud under 18 U.S.C. § 1348 relating to CNEP's September 16, 2009 Prospectus Supplement and Form 8-K .  On April 28, 2014 a mistrial was ordered as to all remaining counts.  A copy of the docket entries for both the April 11 and April 28, 2014 orders are attached hereto as Exhibit A.

## SUMMARY

1.      As to Paragraph 1 of the Complaint, Mr. Wang denies the allegations to the extent they relate to his alleged conduct.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 1, and on that basis denies each and every allegation contained therein.

2.      As to Paragraph 2 of the Complaint, Mr. Wang admits, upon information and belief, that at the date the Complaint was filed, China Northeast Petroleum Holdings Limited ("CNEP") was engaged in oil exploration, drilling, and production in the People's Republic of China ("China").  Except as expressly admitted, Mr. Wang denies each and every allegation contained in this paragraph, including – but not limited to – the use of the pejorative adverb "purportedly."

3.      As to Paragraph 3 of the Complaint, Mr. Wang admits that he served as Chairman of CNEP's Board of Directors and CNEP's President and CNEP in January 2009, and that Ju

---

[1]   *United States v. Wang, et al.*, No. 1:13-cr-00152 (D.D.C.) (Leon, J.).

Guizhi ("Ms. Ju") is one of CNEP's founders.  Mr. Wang admits that he has loaned millions of dollars to CNEP.  Mr. Wang denies the remainder of the allegations in Paragraph 3.

4.      As to Paragraph 4 of the Complaint, Mr. Wang admits, upon information and belief, that in late 2009 CNEP engaged in two public stock offerings.  Mr. Wang further admits that CNEP issued a "registration statement" (the "Registration Statement") in connection with those offerings, and that he signed the Registration Statement.  To the extent Paragraph 4 purports to describe the Registration Statement, Mr. Wang refers the Court to that document for the complete and accurate contents thereof.  Mr. Wang denies the remainder of the allegations in Paragraph 4.

5.      As to Paragraph 5, Mr. Wang admits, upon information and belief, that CNEP raised approximately $31.9 million in the U.S. capital markets in September and December 2009, and that these funds were deposited into CNEP's U.S. bank account.  Mr. Wang denies the remaining allegations in Paragraph 5 to the extent they relate to the alleged conduct of Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 5 and on that basis denies each and every allegation contained therein.

6.      As to Paragraph 6 of the Complaint, Mr. Wang admits that Mr. Jiang served as CNEP's Vice President of Corporate Finance and Secretary during 2009.  Mr. Wang further admits based on information and belief, that in 2009 Mr. Jiang made two transfers totaling $910,000 from CNEP's U.S. Bank Account into Mingfu Jiang's personal bank account.  Mr. Wang further admits, based on information and belief, that Sun received $300,000 from CNEP's U.S. Bank Account.  Mr. Wang lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in the remainder of Paragraph 6 and on that basis denies each and every allegation contained therein.

7.      As to Paragraph 7 of the Complaint, Mr. Wang admits that Plaintiff purports to seek the stated relief for itself.  Mr. Wang denies that Plaintiff is entitled to relief or damages in any amount or of any kind whatsoever.

## JURISDICTION

8.      Paragraph 8 of the Complaint contains Plaintiff's jurisdictional allegations, to which no response is required.  Mr. Wang admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 15 U.S.C. §§ 77t and 77v and 15 U.S.C. §§ 78u and 78aa.

9.      Paragraph 9 of the Complaint contains Plaintiff's venue allegations to which no response is required.  Mr. Wang admits that Plaintiff purports to lay venue in this Court.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and on that basis denies each and every allegation contained therein.

10.     As to Paragraph 10 of the Complaint, Mr. Wang denies the allegations to the extent they relate to any alleged conduct of Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10, and on that basis denies each and every allegation contained therein.

## DEFENDANTS

### *CNEP*

11.     As to Paragraph 11 of the Complaint, Mr. Wang admits, upon information and belief, that at the time the Complaint was filed, CNEP was a Nevada corporation with offices located in New York and California, and that CNEP was engaged in oil exploration, drilling, and

production in China.  Mr. Wang denies the use of the pejorative adverb "purportedly" contained in the second sentence of Paragraph 11.

12.     As to Paragraph 12 of the Complaint, Mr. Wang admits, based on information and belief, that on or about June 15, 2009, CNEP began trading on the NYSE Amex LLC, and that on or about July 6, 2012 the NYSE delisted CNEP's common stock.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 12, and on that basis denies each and every allegation contained therein.

13.     As to Paragraph 13 of the Complaint, Mr. Wang admits that on or about December 31, 2009, CNEP stock traded on the NYSE Amex, LLC.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 13, and on that basis denies each and every allegation contained therein.

14.     As to Paragraph 14 of the Complaint, Mr. Wang admits that on or about November 27, 2012, CNEP stock was de-listed from the NYSE Amex LLC.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 14, and on that basis denies each and every allegation contained therein.

### *Individual Defendants*

15.     The allegations in Paragraph 15 regarding Mr. Wang's purported control over CNEP state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Wang denies each and every allegation contained therein.  Mr. Wang also denies the use of Hongjun Wang as any type of pseudonym or alias; it is instead an ordering of Mr. Wang's true family and given names in the Western style, rather than the Chinese tradition of family name first and the given name second.  Mr. Wang admits the remainder of the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 regarding Ms. Ju's purported control over CNEP state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.  Mr. Wang admits that Ms. Ju is one of CNEP's founders, is Mr. Wang's mother, and is a Chinese national who resides in China.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 16, and on that basis denies each and every allegation contained therein.

17.     As to Paragraph 17 of the Complaint, Mr. Wang admits, based on information and belief, that Mr. Jiang is a Chinese citizen, and that during 2009 Mr. Jiang served as Vice President of Corporate Finance and Secretary of CNEP.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 17, and on that basis denies each and every allegation contained therein.

### Relief Defendants

18.     The last sentence of Paragraph 18 contains legal conclusions to which no response is required.  To the extent a response is required Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.  As to the remainder of Paragraph 18, Mr. Wang admits that Ms. Sun is his wife, and that she is a Chinese national who at the time the Complaint was filed resided in California.  Mr. Wang further admits that since November 2010, Ms. Sun has served as Treasurer/Cashier for CNEP.  Except as expressly admitted Mr. Wang denies the allegations in Paragraph 18.

19.     The last sentence of Paragraph 19 contains legal conclusions to which no response is required.  To the extent a response is required Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.  Mr. Wang admits, based on information and belief, that Mingfu Jiang is Chao Jiang's father, and that

Mingfu Jiang is a Chinese citizen.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and on that basis denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

**A.     CNEP Raises $31.9 Million in the U.S. Capital Markets**

20.     As to Paragraph 20 of the Complaint, Mr. Wang admits, based on information and belief, that CNEP stock was listed and began trading on or about June 15, 2009.  Mr. Wang further admits, based on information and belief, that CNEP filed a Form S-3 Registration Statement on or about June 29, 2009, which became effective on or about September 9, 2009.  Mr. Wang understands and believes that the remaining allegations contained in Paragraph 20 purport to describe the Registration Statement, and on that basis Mr. Wang refers the Court to that document for the complete and accurate contents thereof.

21.     As to Paragraph 21 of the Complaint, Mr. Wang admits, based on information and belief, that "at various times during 2009 [Mr. Jiang] met with investment bankers to raise capital, appeared at 'roadshows,' and made presentations on behalf of CNEP at investor conferences."  Mr. Wang further admits that Mr. Jiang assisted in drafting and reviewing certain of CNEP's press releases and filings with the SEC, including certain of CNEP's periodic reports and the Registration Statement.  Mr. Wang understands and believes that the allegations contained in the second sentence of Paragraph 21 purport to describe a September 1, 2009 press release issued by CNEP, and on that basis Mr. Wang refers the Court to that document for the complete and accurate contents thereof.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of said paragraph, and on that basis denies each and every allegation contained therein.

22.     As to Paragraph 22 of the Complaint, Mr. Wang admits that CNEP filed a Current Report on Form 8-K on or about September 16, 2009 (the "September 8-K").  Mr. Wang further admits that he signed the September 8-K.  Mr. Wang understands and believes that the remaining allegations in Paragraph 22 purport to describe the September 8-K, and on that basis Mr. Wang refers the Court to that document for the complete and accurate contents thereof.  Mr. Wang further refers the Court to the April 11, 2014 decision in the parallel criminal action in which Mr. Jiang was acquitted of securities fraud relating to the September 8-K and stock offering.

23.     As to Paragraph 23 of the Complaint, Mr. Wang admits, based on information and belief, that CNEP filed a Current Report on Form 8-K on December 15, 2009 (the "December 8-K").  Mr. Wang understands and believes that the remaining allegations contained in Paragraph 23 purport to describe the December 8-K, and on that basis, Mr. Wang refers the Court to that document for the complete and accurate contents thereof.

24.     Mr. Wang admits, based on information and belief, the allegations contained in Paragraph 24.

**B.     Offering Proceeds Transferred to Insiders**

25.     Mr. Wang admits the allegations in the first three sentences of Paragraph 25. Mr. Wang avers that no response is required as to the allegations contained in the remainder of Paragraph 25 because the allegations are not directed toward Mr. Wang.

26.     As to Paragraph 26 of the Complaint, Mr. Wang admits, based on information and belief, that on November 3 and December 16, 2009, under Ms. Ju's direction, Mr. Jiang transferred $500,000 and $410,000, respectively, from CNEP's U.S. Bank Account to a personal bank account held in the name of Mr. Jiang's father, Mingfu Jiang.  Mr. Wang admits, based on information and belief, that Mingfu Jiang did not hold a disclosed position of employment at CNEP.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the remainder of Paragraph 26, and on that basis denies each and every allegation contained therein.

27.     Mr. Wang avers that no response is required to the allegations contained in Paragraph 27 because the allegations are not directed toward Mr. Wang.

28.      Mr. Wang avers that no response is required to the allegations contained in Paragraph 28 because the allegations are not directed toward Mr. Wang.

29.     Mr. Wang avers that no response is required to the allegations contained in Paragraph 29 because the allegations are not directed toward Mr. Wang.

30.     As to Paragraph 30 of the Complaint, Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

31.     As to Paragraph 31 of the Complaint, Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**C.     CNEP Insiders Had Long Engaged In Undisclosed and Improper Related-Party Transactions**

32.     As to Paragraph 32 of the Complaint, Mr. Wang admits that on multiple occasions both before and after 2009 he loaned money to CNEP and received repayments of those loans. Mr. Wang further admits that on multiple occasions he gave money to CNEP.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder said paragraph, and on that basis denies each and every allegation contained therein.

### 1.     *The Board Discovers Undisclosed, Related-Party Transactions*

33.     As to Paragraph 33 of the Complaint, Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34.     As to Paragraph 34 of the Complaint, Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

35.     As to Paragraph 35 of the Complaint, Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

### 2.     *The Hong Kong Accounting Firm Uncovers Numerous Undisclosed, Related-Party Transactions*

36.     Mr. Wang understands and believes that the allegations contained in Paragraph 36 of the Complaint purport to describe the July 2010 Report, and on that basis Mr. Wang refers the Court to that document for the complete and accurate contents thereof.

37.     As to Paragraph 37 of the Complaint, Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

38.     Mr. Wang understands and believes that the allegations contained in Paragraph 38 of the Complaint purport to describe the July 2010 Report, and on that basis Mr. Wang refers the Court to that document for the complete and accurate contents thereof.

39.     Mr. Wang understands and believes that the allegations contained in Paragraph 39 of the Complaint purport to describe the July 2010 Report, and on that basis Mr. Wang refers the Court to that document for the complete and accurate contents thereof.

40.     As to Paragraph 40 of the Complaint, Mr. Wang admits that he made cash loans to CNEP.  Mr. Wang denies the allegations made in the second sentence of Paragraph 40.

41.     As to Paragraph 41 of the Complaint, Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

42.     As to Paragraph 42 of the Complaint, Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**D.     Wang and Ju's Ongoing Role In Controlling CNEP**

43.     As to Paragraph 43 of the Complaint, Mr. Wang admits, based on information and belief, that Ms. Ju was one of the founders of CNEP.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained the remainder of Paragraph 43, and on that basis denies each and every allegation contained therein.

44.     As to Paragraph 44 of the Complaint, Mr. Wang admits, based on information and belief, that on or about November 20, 2009, through May 23, 2010, Ms. Ju served as a director at CNEP.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 44, and on that basis denies each and every allegation contained therein.

45.     The first sentence of Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.  Mr. Wang avers that no response is required to the allegations contained in the remainder of Paragraph 45 because the allegations are not directed toward Mr. Wang.

46.     As to Paragraph 46 of the Complaint, Mr. Wang admits that on or about May 27, 2010, CNEP filed a Form 8-K ("May 8-K").  Mr. Wang understands and believes that the remaining allegations in the last sentence of Paragraph 46 purport to describe the May 8-K, and on that basis Mr. Wang refers the Court to that document for the complete and accurate contents thereof.  Mr. Wang admits the remainder of the allegations in Paragraph 46.

47.     Paragraph 47 states a legal conclusion to which no response is required.  To the extent a response is required, Mr. Wang denies each and every allegation contained therein that relate to his conduct.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Ms. Ju, and therefore denies the same.

48.     Mr. Wang avers that no response is required to the allegations contained in Paragraph 48 because the allegations are not directed toward Mr. Wang.

49.     Mr. Wang admits the allegations contained in Paragraph 49.

### E.    CNEP's Public Filings Contained Material Misrepresentations and Omissions

50.     As to Paragraph 50 of the Complaint, Mr. Wang admits that he signed the September 8-K and the December 8-K.  Mr. Wang denies the remainder of the allegations in Paragraph 50.

51.     As to Paragraph 51 of the Complaint, Mr. Wang admits, based on information and belief that CNEP filed or was required to file annual, current, or quarterly reports from 2009 up to and including the date of the Complaint.  Mr. Wang denies the allegations contained in Paragraph 51 to the extent they relate to any alleged conduct of Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 to the extent they do not relate to any alleged conduct of Mr. Wang, and on that basis denies each and every allegation contained therein.

52.     As to Paragraph 52 of the Complaint, Mr. Wang admits that CNEP filed two Forms 10-Q on May 15, 2009 and August 14, 2009 for the periods ending March 31, 2009 and June 30, 2009, respectively, and a Form 10Q/A on July 23, 2009 for the period ended March 31, 2009, and that he signed the Forms.  Mr. Wang denies the remaining allegations contained in Paragraph 52 to the extent they relate to any alleged conduct of Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 to the extent they do not relate to any alleged conduct of Mr. Wang, and on that basis denies each and every allegation contained therein.

53.     As to Paragraph 53 of the Complaint, Mr. Wang admits that CNEP filed a Form 10-Q on November 16, 2009 for the period ending September 30, 2009, and that he signed the same.  Mr. Wang denies the allegations contained in Paragraph 53 to the extent they relate to any alleged conduct of Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 to the extent they do not relate to any alleged conduct of Mr. Wang, and on that basis denies each and every allegation contained therein.

**F.     CNEP Lacked Adequate Recordkeeping and Internal Controls**

54.     Mr. Wang denies the allegations contained in Paragraph 54 to the extent they relate to any alleged conduct of Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 to the extent they do not relate to any alleged conduct of Mr. Wang, and on that basis denies each and every allegation contained therein.

55.     Mr. Wang denies the allegations contained in Paragraph 55 to the extent they relate to any alleged conduct of Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 to the extent they do

not relate to any alleged conduct of Mr. Wang, and on that basis denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

### Violations of Securities Act Section 17(a)

56.    As to Paragraph 56 of the Complaint, Mr. Wang re-alleges his responses to Paragraphs 1 through 55 as if fully set forth in response.

57.    Paragraph 57 states a legal conclusion to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 57 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 regarding CNEP, and therefore denies the same.

58.    Paragraph 58 states a legal conclusion to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 58 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 regarding CNEP, Jiang and Ju, and therefore denies the same.  Mr. Wang further refers the Court to the April 11, 2014 decision in the parallel criminal action in which Mr. Jiang was acquitted of securities fraud relating to the September 8-K and stock offering.

59.    Paragraph 59 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 59 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 regarding CNEP, Mr. Jiang, and Ms. Ju, and therefore denies the same.  Mr. Wang further refers the Court to the April 11, 2014 decision

in the parallel criminal action in which Mr. Jiang was acquitted of securities fraud relating to the September 8-K and stock offering.

## SECOND CLAIM FOR RELIEF

### Violations of Exchange Act Section 10(b) and Rule 10b-5

60.     As to Paragraph 60 of the Complaint, Mr. Wang re-alleges his responses to Paragraphs 1 through 59 as if fully set forth in response.

61.     Paragraph 61 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 61 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 regarding CNEP, and therefore denies the same.

62.     Paragraph 62 states a legal conclusion to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 62 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 regarding CNEP, Mr. Jiang, and Ms. Ju, and therefore denies the same.  Mr. Wang further refers the Court to the April 11, 2014 decision in the parallel criminal action in which Mr. Jiang was acquitted of securities fraud relating to the September 8-K and stock offering.

63.     Paragraph 63 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 63 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 regarding CNEP, Jiang, and Ju, and therefore denies the same.  Mr. Wang further refers the Court to the April 11, 2014 decision in

the parallel criminal action in which Mr. Jiang was acquitted of securities fraud relating to the

September 8-K and stock offering

### THIRD CLAIM FOR RELIEF

**Violations of the Exchange Act Section 13(b)(5)
and Exchange Act Rule 13b2-1**

64.     As to Paragraph 64 of the Complaint, Mr. Wang re-alleges his responses to

Paragraphs 1 through 63 as if fully set forth in response.

65.     Paragraph 65 states a legal conclusion as to which no response is required.  To the

extent a response is required, Mr. Wang denies the allegations contained in Paragraph 65

regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 65 regarding Ju, and therefore denies the

same.

66.     Paragraph 66 states a legal conclusion as to which no response is required.  To the

extent a response is required, Mr. Wang denies the allegations contained in Paragraph 66

regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 66 regarding Ju, and therefore denies the

same.

67.     Paragraph 67 states a legal conclusion as to which no response is required.  To the

extent a response is required, Mr. Wang denies the allegations contained in Paragraph 67

regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 67 regarding Ju, and therefore denies the

same.

## FOURTH CLAIM FOR RELIEF

### CNEP Violated Exchange Act Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) and Rules 13a-1, 13a-11 and 13a-13

68.     As to Paragraph 68 of the Complaint, Mr. Wang re-alleges his responses to Paragraphs 1 through 67 as if fully set forth in response.

69.     Mr. Wang avers that no response is required to the allegations contained in Paragraph 69 because the allegations are not directed toward Mr. Wang.

70.     Mr. Wang avers that no response is required to the allegations contained in Paragraph 70 because the allegations are not directed toward Mr. Wang.

71.     Mr. Wang avers that no response is required to the allegations contained in the first sentence of Paragraph 71 because those allegations are not directed toward Mr. Wang.  Mr. Wang denies the allegations contained in the second sentence of Paragraph 71 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 71 regarding Jiang and Ju, and therefore denies the same.

72.     Mr. Wang avers that no response is required to the allegations contained in Paragraph 72 because the allegations are not directed toward Mr. Wang.

## FIFTH CLAIM FOR RELIEF

### Wang, Ju and Jiang Chao Aided and Abetted CNEP's Reporting, Recordkeeping and Internal Controls Violations

73.     As to Paragraph 73 of the Complaint, Mr. Wang re-alleges his responses to Paragraphs 1 through 72 as if fully set forth in response.

74.     Mr. Wang avers that no response is required to the allegations contained in Paragraph 74 because the allegations are not directed toward Mr. Wang.

75.     Paragraph 75 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 75 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 regarding Jiang and Ju, and therefore denies the same.  Mr. Wang further refers the Court to the April 11, 2014 decision in the parallel criminal action in which Mr. Jiang was acquitted of securities fraud relating to the September 8-K and stock offering

## SIXTH CLAIM FOR RELIEF

**Wang, Ju and Jiang Chao Aided and Abetted CNEP's
Exchange Act Section 10(b) and Rule 10b-5 Violations**

76.     As to Paragraph 76 of the Complaint, Mr. Wang re-alleges his responses to Paragraphs 1 through 75 as if fully set forth in response.

77.     Mr. Wang avers that no response is required to the allegations contained in Paragraph 77 because the allegations are not directed toward Mr. Wang.

78.     Paragraph 78 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 78 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 regarding Jiang and Ju, and therefore denies the same.  Mr. Wang further refers the Court to the April 11, 2014 decision in the parallel criminal action in which Mr. Jiang was acquitted of securities fraud relating to the September 8-K and stock offering.

## SEVENTH CLAIM FOR RELIEF

**Wang and Ju, as Control Persons Under Exchange Act
Section 20(a), are Liable for CNEP's Violations**

79.     As to Paragraph 79 of the Complaint, Mr. Wang re-alleges his responses to Paragraphs 1 through 78 as if fully set forth in response.

80.     Paragraph 80 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 80 regarding Mr. Wang.

81.     Mr. Wang avers that no response is required to the allegations contained in Paragraph 81 because the allegations are not directed toward Mr. Wang.

82.     Paragraph 82 states a legal conclusion as to which no response is required.  To the extent a response is required, Mr. Wang denies the allegations contained in Paragraph 82 regarding Mr. Wang.  Mr. Wang lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 regarding Ms. Ju, and therefore denies the same.

## PRAYER FOR RELIEF

Mr. Wang denies that Plaintiff is entitled to relief or damages of any kind or in any amount whatsoever.  Mr. Wang notes that in the parallel criminal action Mr. Jiang's acquittal on the two securities fraud counts relating to the September 8-K and stock offering, together with the contemporaneous transfer of monies back to CNEP, means the SEC cannot prove any outstanding loss entitlement.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden he would not otherwise bear, and reserving his right to amend his Answer to assert additional defenses as they become known, Mr. Wang asserts the following affirmative and other defenses:

### FIRST DEFENSE

### (Failure to State a Claim for Relief)

1.      The Complaint, and each and every claim for relief contained therein that is applicable to Mr. Wang, is barred, in whole or in part, on the basis that the Complaint fails to allege facts sufficient to state a claim for relief against Mr. Wang.

### SECOND DEFENSE

### (Good Faith)

2.      The Complaint, and each and every claim for relief contained therein that is applicable to Mr. Wang, is barred, in whole or in part, on the basis that Mr. Wang acted in good faith and upon a reasonable belief that his actions did not violate any of the applicable laws alleged in the Complaint.

### THIRD DEFENSE

### (Advice of Counsel)

3.      The Complaint, and each and every claim for relief contained therein that is applicable to Mr. Wang, is barred, in whole or in part, on the basis that Mr. Wang relied upon advice of counsel.

## FOURTH DEFENSE

### (Collateral Estoppel)

4.      The Complaint, and each and every claim for relief contained therein that is applicable to Mr. Wang, is barred, in whole or in part, on the basis of collateral estoppel.

## PRAYER

WHEREFORE, Mr. Wang prays as follows:

1.      That plaintiff take nothing by reason of its complaint, that judgment be rendered in favor of Mr. Wang;

2.      That Mr. Wang be awarded his costs of suit incurred in defense of this action; and

3.      For such other relief as the Court deems proper.

## JURY DEMAND

Mr. Wang hereby demands a trial by jury.

Dated:   May 28, 2014

ATKINSON, ANDELSON, LOYA, RUUD & ROMO

s/ Joseph N. Akrotirianakis

By: _____

JOSEPH N. AKROTIRIANAKIS
(Admitted *pro hac vice*)
JAkro@aalrr.com
12800 Center Court Drive, Suite 300
Cerritos, CA 90703
Telephone: 562.653.3200
Facsimile:  562.653.3333

*Attorneys for Wang Hongjun*