Buchwald, J

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CHINA NORTHEAST PETROLEUM HOLDINGS
LIMITED; WANG HONGJUN, (a/k/a Hongjun
Wang); JU GUIZHI (a/k/a Guizhi Ju); and JIANG
CHAO (a/k/a/ Chao Jiang)

    Defendants,

JIANG MINGFU (a/k/a Mingfu Jiang); and SUN
JISHUANG (a/k/a Jishuang Sun),

    Relief Defendants.

Case No. 12-CV-8696 (NRB)
ECF Case

### [PROPOSED] FINAL DEFAULT JUDGMENT AS TO DEFENDANTS CHINA NORTH EAST PETROLEUM HOLDINGS LIMITED, HONGJUN WANG, AND JU GUIZHI, AND RELIEF DEFENDANT JISHUANG SUN

Whereas the Securities and Exchange Commission ("Commission") has moved pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2 (b) for entry of judgment by default against defendants China North East Petroleum Holdings Limited ("CNEP"), Hongjun Wang ("Wang"), and Ju Guizhi ("Ju"), and relief defendant Jishuang Sun ("Sun") (collectively, the "Defendants"); and

The Court has determined that the requested default judgment *as modified* is appropriate based on the allegations in the Complaint, the failure of the Defendants to either appear and respond to the Complaint (Ju) or otherwise defend the case (CNEP, Wang and Sun), and the showing made by the Commission as to the need for the injunctive and monetary relief;

Therefore, judgment is entered against CNEP, Wang, Ju, and Sun as follows:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that CNEP is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Wang and Ju are permanently restrained and enjoined from violating, directly or indirectly, or aiding

and abetting violations of, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CNEP, Wang and Ju are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CNEP is permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11 and 240.13a-13], by failing to file with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, such annual reports and such quarterly reports as the Commission may prescribe, and such further material information, if any, as may be

necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that CNEP is permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records, or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's assets.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that CNEP is permanently restrained and enjoined from violating Section 13(b)(2)(B) of the

Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (A) transactions are executed in accordance with management's general or specific authorization; (B) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and to maintain accountability for assets; (C) access to assets is permitted only in accordance with management's general or specific authorization; and (D) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wang and Ju are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 13a-1, 13a-11 and 13a-13 thereunder [17 C.F.R. §§ 240.13a-1, 240.13a-11 and 240.13a-13], by failing to file with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of

investors and to insure fair dealing in the security, such annual reports and such quarterly reports as the Commission may prescribe, and such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wang and Ju are permanently restrained and enjoined from aiding and abetting violations of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records, or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's assets.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wang and Ju are permanently restrained and enjoined from aiding and abetting violations of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (A) transactions are executed in accordance with management's general or specific authorization; (B) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and to maintain accountability for assets; (C) access to assets is permitted only in accordance with management's general or specific authorization; and (D) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wang and Ju are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 [17 C.F.R. §§ 240.13b2-1]

by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying books, records, or accounts subject to Section 13(b)(2) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wang and Ju are prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that CNEP, Wang and Ju are jointly and severally liable for disgorgement of $31,900,013.00 representing profits gained as a result of the conduct alleged in the Complaint, along with prejudgment interest of $7,028,386.66, for a total of $38,928,399.66. CNEP, Wang and Ju shall satisfy this obligation by paying $38,928,399.66 to the Securities and Exchange Commission within 10 days after entry of this judgment.

### XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that CNEP shall pay a civil penalty in the amount of $10,875,000 [struck through; handwritten: $5,000,000 NRB] to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. CNEP shall make this payment within 10 days after entry of this judgment.

### XIV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that [handwritten: NRB] Wang and Ju [Ju struck through] shall pay a civil penalty in the amount of $2,400,000 each [struck through; handwritten: $1,000,000 and Ju shall pay a penalty in the amount of $150,000 NRB] to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Wang and Ju shall make this payment within 10 days after entry of this judgment.

### XV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Sun is liable for disgorgement of $300,000 representing profits gained as a result of the conduct alleged in the Complaint, along with prejudgment interest of $67,341.39, for a total of $367,341.39. Sun shall satisfy this obligation by paying $367,341.39 to the Securities and Exchange Commission within 10 days after entry of this judgment.

### XVI.

Defendants may transmit payments ordered under this judgment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Payment may also be

made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying CNEP, Wang, Ju and/or Sun as the defendants in this action; and specifying that the payment is made pursuant to this judgment. Photocopies of evidence of payment and case identifying information shall simultaneously be transmitted to the Commission's counsel in this action.

The Commission shall hold the funds received pursuant to this judgment (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this judgment to the United States Treasury.

The Commission may enforce this judgment for disgorgement and accumulated interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 10 days following entry of this judgment. CNEP, Wang, Ju and Sun shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## XVII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this judgment.

Dated this 20th day of September, 2016

The Honorable Naomi Reice Buchwald
United States District Judge